UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**MOHYIDDIN NABI AHMED MENTOR,**
          **Plaintiff,**

    v.                                              Case No. 16-C-1652

**WISCONSIN HOSPITALITY GROUP**
d/b/a Pizza Hut,
          **Defendant.**

---

## DECISION AND ORDER

Mohyiddin Nabi Ahmed Mentor brings this action on his own behalf against Wisconsin Hospitality Group (WHG), doing business as Pizza Hut. Magistrate Judge David E. Jones screened the complaint, summarizing its factual allegations as follows:

> Mr. Ahmed Mentor is a Muslim who used to work at Pizza Hut. In 2010, his manager, "Laura," told him that he could not take a break to say his Muslim prayers. She continued to deny Mr. Ahmed Mentor prayer breaks from 2010 through 2013. Another manager, "Mr. Walters," denied Mr. Ahmed Mentor prayer breaks from 2012 through 2015 or 2016.

*See* Order, Docket No. 8, at 4 (citation omitted). Magistrate Judge Jones found that these allegations were sufficient to state a claim under Title VII of the Civil Rights Act of 1964, which prohibits discrimination in employment because of an employee's religion.

WHG argues that Ahmed Mentor failed to exhaust his administrative remedies—or, more accurately, that he failed to satisfy the "procedural requirements" that "Title VII imposes . . . as a precondition to bringing a suit in federal court," *Doe v. Oberweis Dairy*, 456 F.3d 704, 710 (7th Cir. 2006)—and moves for summary judgment on that basis. I must grant WHG's motion if it shows that "there is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Title VII requires that, "[p]rior to filing suit . . . , a party must first file a charge of discrimination" with the Equal Employment Opportunity Commission, which "gives the employer some warning of the conduct about which the employee is aggrieved and affords the EEOC and the employer an opportunity to attempt conciliation without resort to the courts." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005)) (citing 42 U.S.C. § 2000e–5(f)(1)). "[B]ecause most complaints 'are completed by laypersons rather than by lawyers, a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in [his] complaint.'" *Delgado v. Merit Sys. Prot. Bd.*, 880 F.3d 913, 926 (7th Cir. 2018) (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). But, "[a]t a minimum, . . . the EEOC charge and the complaint must describe the same conduct and implicate the same individuals." *Ezell*, 400 F.3d at 1046.

Before filing this suit, Ahmed Mentor filed a charge of discrimination with the EEOC against WHG. In that charge, Ahmed Mentor checked boxes for discrimination based on race, sex, religion, national origin, and age. In the narrative section of the charge, he included the following factual allegations: "I was employed with the respondent from 2010-2013. I returned in May 2015 to the present time. I have been subjected to different terms and conditions of employment in that I am denied lunch breaks and the respondent plays 'rap' music with slurs." *See* Backer Aff. Ex. 1, Docket No. 30-1, at 2. This conduct is different from the conduct Ahmed Mentor described in his complaint—i.e., that his managers denied him breaks *to pray*—and his EEOC charge, unlike his complaint, does not implicate any specific individuals.

Even if I could surmise a connection between Ahmed Mentor's EEOC charge and his complaint in this case—which would necessarily be based on nothing more than his mention of "breaks" in both and his superficial indication in his EEOC charge of religion as one of five suspected bases for discrimination—his claims here would still fail. An employee cannot "file general charges with the EEOC" and expect to proceed on "all claims of . . . discrimination in a subsequent lawsuit." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1112 (7th Cir. 1992). At the least, an employee must file an EEOC charge with enough "specificity" and "detail . . . to allow the agency to perform its statutory duty." *Id.* at 1111. The EEOC was unable to consider whether Ahmed Mentor's managers discriminated against him because of his religion by denying him breaks to pray because of his "own failure to bring . . . [such] claims to its attention." *Id.* at 1112.

Accordingly, Ahmed Mentor failed to satisfy the procedural requirements imposed by Title VII as a precondition to bringing this lawsuit in federal court, which renders any factual disputes between the parties as to any other issues in this case immaterial and entitles WHG to judgment as a matter of law. Therefore, I will grant its motion and direct the Clerk of Court to enter judgment in its favor on the merits.

**THEREFORE, IT IS ORDERED** that the defendant's motion for summary judgment (Docket No. 29) is **GRANTED**. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17th day of May, 2018.

                                   s/Lynn Adelman_____
                                   LYNN ADELMAN
                                   District Judge